AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

FILED

for the

NOV 29 2017

## Eastern District of California

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Roger Shane John | ) | Case No. |
| | ) | |
| | ) | 1: 17 MJ  0 0 2 1 4 SAB |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 22, 2017_____ in the county of _____Stanislaus_____ in the

_____Eastern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 39A | Aiming the beam of a laser pointer at an aircraft or its flight path. Penalty:  5 years in prison, $250,000 fine, $100 penalty assessment, 3 years supervised release. |

This criminal complaint is based on these facts:

See Affidavit, attached hereto and incorporated herein by reference

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Chuma Lewis, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    November 29 2017

_____
*Judge's signature*

City and state:        Fresno, California

STANLEY A. BOONE, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ISSUANCE OF ARREST WARRANT

I, Chuma Lewis, being sworn, depose, and state the following:

## I.     AFFIANT'S CREDENTIALS

1.     I am an investigative officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, and have been employed as a Special Agent with the Federal Bureau of Investigation (FBI) for approximately 11 months. I am assigned to the Sacramento Division, Stockton Resident Agency. I completed twenty (20) weeks of training, which was comprised of the FBI Special Agent Basic Training Program, at the FBI Training Academy, Quantico, Virginia. I received extensive training on all aspects of investigations and investigative methods, including human source handling, physical and electronic surveillance, interrogation methods, drug identification, health care fraud investigations, complex financial crimes, and other white collar crimes. This training included, but was not limited to, investigative techniques in fraud cases, identifying common fraud schemes, and data collection and analysis. As a Special Agent, I am authorized to investigate, *inter alia*, violations of Title 18, United States Code, Section 39A.

## II.     APPLICABLE LAW

2.     Title 18, United States Code, Section 39A, provides:

> Whoever knowingly aims the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, or at the flight path of such aircraft, shall be fined under this title or imprisoned not more than 5 years, or both.

3.     Special aircraft jurisdiction of the United States is defined under Title 49, United States Code, Section 46501(2), and includes the following aircraft in flight:

a. A civil aircraft of the United States
b. An aircraft of the United States Armed Forces; or
c. Another aircraft in and outside the United States destined for the United States.

4.     I have learned the following from investigation, from the victim and my review of law

AFFIDAVIT IN SUPPORT OF COMPLAINT AND ISSUANCE OF ARREST WARRANT

1

enforcement reports prepared in this case, and from discussion of this case with assisting agents and/or officers. The purpose of this affidavit is to support a complaint charging **ROGER SHANE JOHN (JOHN)** with violation of Title 18, United States Code, Section 39A.

### III.   STATEMENT OF PROBABLE CAUSE

5.      On October 22, 2017, at 8:19 p.m.,[1] a Stanislaus County Sheriff's Department helicopter, Air 101, was dispatched to the area of South 9th Street and River Road in Modesto to provide support for the investigation of a fight between a male and female.  Once on scene, the Tactical Flight Officer (TFO) began conducting an area search using night vision googles (NVG) and forward looking infra-red (FLIR) camera.  While flying in orbit, at approximately 700 feet above ground level (AGL), the aircraft was struck by a green laser beam illuminating the cockpit of the helicopter. The TFO noticed the laser strike was coming from the area near the Modesto Airport as it was still being fired in their direction.

6.      The green laser strikes forced the air unit to divert from the call as it no longer became safe to orbit.  The TFO advised dispatch of the laser strikes and advised they would attempt to locate the laser offender. The pilot also radioed the Air Traffic Control Tower at the Modesto Airport to report the laser strikes.

7.      CalStar 12, an air ambulance, contacted Air 101 over air-to-air radio and advised they had also been struck approximately 3 to 4 times with a green laser, just east of the Gallo plant less than 1 mile northwest of the Modesto Airport.

8.      Meanwhile, Air 101 continued to be struck by the green laser as it approached the point of origin of the laser.  Air 101 was struck approximately 5 to 6 times with the green laser. Utilizing his NVGs, the TFO was able to locate the source of the green laser.  The TFO saw a subject standing next to an open passenger door of a vehicle in front of a residence at 1515

[1] Any and all references herein to dates and times are to approximate dates and times.

AFFIDAVIT IN SUPPORT OF COMPLAINT AND ISSUANCE OF ARREST WARRANT

Oregon Drive in Modesto northwest of the Modesto Airport airfield.  The laser offender continued to fire the green laser in the direction of Air 101.

9.      The TFO found a heat source resembling a vehicle engine compartment utilizing the FLIR.  The vehicle departed from the 1515 Oregon residence, and dispatch was notified of the vehicle's movements and direction of travel.  Air 101 continued to follow the vehicle using the FLIR, and never lost sight of the vehicle.  The vehicle pulled into a brightly lit gas station at the intersection of Riverside Drive and Yosemite Avenue in Modesto.  The FLIR was switched to the daytime camera mode so the deputies could see the vehicle, a red four-door sedan.  The TFO advised dispatch and the responding units as the vehicle drove through the gas station parking lot and continued east down Yosemite.

10.     A Modesto Police Department (MPD) officer initiated a vehicle stop on Beard Avenue, south of Yosemite.  The driver of the vehicle was identified as NORMA ADAMS (ADAMS).  ADAMS had a suspended license.  The officer also determined that the three other occupants of the vehicle were on probation.

11.     **ROGER SHANE JOHN** occupied the right rear passenger seat.  When asked who had pointed the laser at the helicopter, **JOHN** said he had pointed the laser at the stars in the sky.  **JOHN** also informed the officer he was on Post-Release Community Supervision (PRCS)..  The officer then located a black laser pointer, Model 301, with a green laser, on the right rear passenger seat where **JOHN** had been seated.  The officer also located brass knuckles in the right rear passenger foot well.

12.     The MPD officer then advised **JOHN** of his Miranda rights.  **JOHN** told the officer he understood his rights and was willing to speak without an attorney present.  **JOHN** told the officer he wanted to see how far the beam from the laser would travel, and had been pointing the beam at the stars in the sky multiple times for bursts of approximately two seconds. When asked if he knew that shining lasers at aircraft was illegal, **JOHN** told the officer he was aware that it was illegal.  **JOHN** also said that the brass knuckles did not belong to him but acknowledged knowing they were in the vehicle.

AFFIDAVIT IN SUPPORT OF COMPLAINT AND ISSUANCE OF ARREST WARRANT

13.   The officer also advised ADAMS of her Miranda rights.  ADAMS told the officer she understood her rights and was willing to speak without an attorney present.  ADAMS said the brass knuckles in her vehicle did not belong to her and were not inside of the vehicle before she picked up **JOHN**.  ADAMS said she had picked up **JOHN** from a house in the airport district of Modesto and saw **JOHN** holding the brass knuckles while at the residence. ADAMS believed that JOHN brought the brass knuckles into the vehicle without her knowledge.

14.   Pursuant to an inventory search of the vehicle, a usable amount of methamphetamine was located in a container belonging to ADAMS.

15.   JOHN was arrested and charged with possessing brass knuckles and striking an airborne aircraft with a laser, in violation of state law.

## IV.    CONCLUSION

16.   Based on the foregoing, I respectfully submit there is probable cause to believe that **ROGER SHANE JOHN** did knowingly aim the beam of a laser pointer at an aircraft or its flight path, in violation of Title 18, United States Code, Section 39A.

Your affiant swears under penalty of perjury that the facts presented herein are true and accurate to the best of my knowledge.

_____
CHUMA LEWIS
Special Agent
Federal Bureau of Investigation

SWORN AND ~~SUBSCRIBED~~ TO ME BEFORE THIS 29th DAY OF NOVEMBER, 2017.

_____
STANLEY A. BOONE
United States Magistrate Judge

Reviewed and Approved as to Form this 28th day of November, 2017.

*s/ Karen A. Escobar*
KAREN A. ESCOBAR
Assistant U.S. Attorney

AFFIDAVIT IN SUPPORT OF COMPLAINT AND ISSUANCE OF ARREST WARRANT